IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JA'EL ORR, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. 18CV_____ |
| ANTHONY W. SEAMAN | ) |
| and FEDEX GROUND PACKAGE | ) |
| SYSTEM, INC. | ) |
| | ) |
|       Defendant. | ) |

## COMPLAINT

Plaintiff, Ja'el Orr, individually; by and through her attorneys, states and alleges for their Complaint against Defendants, Anthony W. Seaman, an individual, and FedEx Ground Package System, Inc., a Pennsylvania Corporation, and states as follows:

## PARTIES

1. Upon information and belief, at all times relevant hereto, Ja'el Orr (hereinafter "Plaintiff"), was a resident of the City of Aurora, and State of Colorado.

2. Upon information and belief, at all times relevant hereto, Defendant Anthony W. Seaman (hereafter "Defendant Seaman") was and is a resident of the City of Provo, and State of Utah.

3. Upon information and belief, at all times relevant hereto, FedEx Ground Package System, Inc., (hereafter "Defendant FedEx") was and is a foreign corporation in good standing in the State of Nebraska with its principal place of business located at 1000 FedEx Drive, Moon Township, Pennsylvania, 15108, and its Registered Agent for the State of Nebraska located at CT Corporation System, 5601 South 59th St., Lincoln, Nebraska 68516.

## JURISDICTION

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum of $ 75,000.00 and is between citizens of different states.

## VENUE

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events giving rise to this case occurred in the judicial district of the United States District Court for the State of Nebraska.

## GENERAL ALLEGATIONS

6. At all times relevant hereto, Plaintiff acted reasonably under the circumstances.

7. At all times relevant hereto, Plaintiff mitigated his damages.

8. The incident giving rise to this action occurred at or near Interstate Highway 80 (I-80), approximately 100 feet west of Milepost 397, at approximately 5:35 p.m. in the County of Seward and State of Nebraska, on or about July 2, 2014.

9. At the time of the accident giving rise to this action, Plaintiff was a properly restrained driver, lawfully operating her 1999 Lincoln Town Car.

10. At the time of the accident giving rise to this action, Plaintiff maintains upon information and belief that Defendant Seaman was acting within the scope of his employment with his employer Defendant FedEx.

11. Upon information and belief, the automobile Defendant Seaman was operating was a vehicle understood to be owned, leased or otherwise under the control and legal responsibility of FedEx.

12. Upon information and belief, at all times relevant herein, Defendant Seaman was operating his vehicle as a result of his duties and responsibilities with his employer, Defendant FedEx, and/or otherwise engaged in conduct that was intended to benefit Defendant FedEx.

13. As a direct and proximate result of Defendants' negligence, giving rise to this action, Plaintiff have incurred reasonable and necessary medical expenses.

14. As a direct and proximate result of Defendants' negligence, giving rise to this action, Plaintiff suffered physical injuries, pain and suffering, emotional distress, disability, loss of enjoyment of life, and sustained costs of transportation to and from medical providers, as well as other economic damages and non-economic damages.

15. At the date and time of the accident, giving rise to this action, Plaintiff acted reasonably under the circumstances and were not comparatively at fault.

16. At the date and time of the accident, Plaintiff had not suffered from any pre-existing physical conditions, which in any way contributed to their injuries, damages, or losses.

17. Plaintiff is the proper parties to bring these claims.

## FIRST CLAIM FOR RELIEF
(Negligence against Defendant Seaman)

18. Plaintiff repeat and re-alleges each and every previous allegation of the *Complaint* and incorporates the same herein by reference as though set forth in full.

19. At approximately 5:35 p.m., on or about July 2, 2014, Plaintiff, Ja'el Orr, was the restrained driver of a 1999 Lincoln Town Car, who traveling eastbound I-70 on Interstate Highway 80 approximately 100 feet west of Milepost 397 in the County of Seward and State of Nebraska, and was forced to slow to a stop due to traffic congestion, when Defendant Seaman, driving a 2013 Kenworth Convention Tractor with Trailers on Interstate Highway 80 traveling behind Plaintiff negligently, carelessly, while not properly observing traffic ahead, failed to stop or yield his vehicle and collided with the side of Plaintiff's automobile, thereby causing a collision, injuring Plaintiff, Ja'el Orr, requiring treatment by medical professionals.

20. Defendant Seaman's Tractor met Plaintiff's auto with such force that it propelled Plaintiff's auto into the auto directly in front of Plaintiff, thus creating an additional front-end impact to Plaintiff's auto.

21. Defendant Seaman's Tractor proceeded after colliding with Plaintiff's auto to continue forward and hit the auto in front of Plaintiff in the rear, which in turn propelled this auto to be propelled into the auto in front of it.

22. In total 4 automobiles, including the Defendant Seaman's Tractor, were involved in the subject collision of this suit as a result of the Defendant Seaman's conduct.

23. Defendant was cited at the scene for causing the collision.

24. Defendant owed Plaintiff a duty to exercise reasonable care in the operation of a motor vehicle.

25. Defendant breached his duty to exercise reasonable care in the operation of a motor vehicle by negligently and carelessly operating the aforementioned vehicle in the following respects:

    a. Driving carelessly;
    b. Driving negligently;
    c. Driving too close;
    d. Failing to properly observe oncoming traffic;
    e. Failing to stop for oncoming traffic;
    f. Failing to keep a proper lookout;
    g. Failing to keep a safe distance between his vehicle and the vehicle in front of him;
    h. Failing to operate the stated vehicle in such a way so as to avoid colliding with other vehicles; and
    i. Generally operating the stated vehicle in a negligent and careless manner.

26. As a direct and proximate result of the negligence of Defendant, as described above, Plaintiff have incurred past and future economic losses, which include but are not limited to the loss of earnings, impairment of earning capacity, loss of home services, and reasonable and necessary

past and future medical expenses including, but not limited to, emergency room, physician, chiropractic, physical therapy, injections, prescription medications, and other costs/expenses.

27. As the direct and proximate result of the negligence of Defendant, as described above, Plaintiff have suffered permanent physical impairment and/or disfigurement, as well as past, present, and future pain and suffering, loss of the value of his time, loss of enjoyment of life, inconvenience and other non-economic damages. Plaintiff will be prevented from engaging in certain social and recreational activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

28. Accordingly, Plaintiff seeks both general and special damages from Defendant as a foreseeable consequence of the injuries and damages suffered as a result of Defendant's negligence on the occasion in question, as well as any other costs, losses, and expenses afforded under the law, or that this Court might deem just and proper.

## **SECOND CLAIM FOR RELIEF**
(Negligence *per se* Against Defendant Seaman)

29. Plaintiff repeats and re-alleges each and every previous allegation of the *Complaint* and incorporates the same herein by reference as though set forth in full.

30. Defendant's conduct during the subject collision was in violation of various standards of state and federal statutes, rules, and/or regulations, to include but not be limited to:

    (a) Operated the truck at a speed which was greater than reasonable and prudent with regard to actual and potential hazards then existing, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

    (b) Operated the truck at a speed which was greater than reasonable and prudent when special hazards existed with respect to highway conditions, contrary to and in violation of NEB. REV. STAT. § 60-6,185;

    (c) Operated a truck in such a manner as to indicate an indifferent and wanton disregard for the safety of persons and/or otherwise drover recklessly, contrary to and in violation of NEB. REV. STAT. § 60-6,213.

31. These violations amount to negligence *per se*.

32. Plaintiff suffered the type of harm designed to be protected by the applicable Nebraska Revised Statutes and/or Federal Statutes, and other applicable rules and regulations, and Plaintiff is within the class of persons designed to be protected by the applicable Statutes, rules and regulations.

33. Defendant's conduct was in derogation of applicable Nebraska Statutes and/or Federal Statutes, and other applicable rules and regulations, and therefore, constitutes negligence *per se*.

34. As a direct, foreseeable and proximate result of the negligence *per se* of Defendant, as described above, Plaintiff incurred past and future economic losses which include but are not limited to loss of earnings, impairment of earning capacity, loss of home services, and reasonable and necessary past and future medical expenses including, but not limited to, emergency room, physician, chiropractic, physical therapy, injections, prescription medications, and other costs/expenses.

35. As the direct, foreseeable and proximate result of the negligence *per se* of Defendant, as described above, Plaintiff suffered permanent physical impairment and/or disfigurement, as well as past and future pain and suffering, loss of the value of his time, loss of enjoyment of life, inconvenience and other non-economic damages. Plaintiff will be prevented from engaging in certain social and recreational activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

36. Accordingly, Plaintiff seek both general and special damages from Defendants as a reasonably foreseeable consequence of the injuries and damages suffered as a result of Defendant's negligence *per se* on the occasion in question, as well as any other costs, losses, and expenses afforded under the law, or that this Court might deem just and proper.

## **THIRD CLAIM FOR RELIEF**
(*Respondeat Superior* against Defendant FedEx)

37. Plaintiff repeat and re-allege each and every previous allegation of the Complaint and incorporates the same herein by reference as though set forth in full.

38. Upon information and belief, the Defendant Seaman was employed by Defendant Fed Ex at all time relevant to the conduct at issue herein.
39. Upon information and belief, the Defendant Seaman was acting within the course and scope of his employment with Defendant Fed Ex at all times relevant to the conduct at issue herein.

40. Upon information and belief, the Defendant Seaman was acting with the authority of Defendant Fed Ex.

41. Pursuant to the doctrine of *respondent superior*, Defendant Fed Ex is legally liable for the injuries, damages, and losses sustained by Plaintiff as set forth above.

42. As a direct, proximate, and foreseeable result of the negligence of Defendant Central States, Plaintiff have suffered physical injuries, physical pain and suffering, loss of enjoyment of life, medical, hospital, doctor bills, essential services, and permanent impairment, permanent disfigurement, permanent disability, past and future, in amounts to be determined at the time of trial.

**WHEREFORE**, Plaintiff requests that judgment be entered in favor of the Plaintiff and against the Defendants in an amount to fairly compensate the Plaintiff for the injuries (as set forth above), costs, court costs, expert witness fees, statutory interest accrued from the date of the subject accident or as otherwise permitted under Nebraska law and for such relief as the Court deems proper. Plaintiff pray for the following relief:

(a) For an amount which will reasonably compensate Plaintiff for past, present and future economic loss.
(b) For an amount which will reasonably compensate Plaintiff for medical expenses, past and future.
(c) For an amount which will reasonably compensate Plaintiff for permanent limitation, injuries, and/or disfigurement, limitations and or disabilities of the body and/or mind.
(d) For any amount which will reasonably compensate Plaintiff for pain and suffering, past and future.
(e) For an amount which will reasonably compensate Plaintiff for loss of enjoyment of life and/or the capacity of life.
(f) For interest as provided by statute from the date of the collision which forms the basis of the complaint to the date of verdict or judgment, and for costs and fees incurred in the prosecution of the matter and for any other and further relief as the Court may deem just and meet in the premises.

DATED: June 15, 2018

                JA'EL ORR, Plaintiff,


                By: /s/Timothy J. O'Brien
                    Timothy J. O'Brien, #16011
                    HAUPTMAN, O'BRIEN, WOLF & LATHROP, P.C.
                    1005 S 107th Avenue, Suite 200
                    Omaha, NE 68114
                    (402) 390-9000
                    ATTORNEYS FOR PLAINTIFF